# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ARIF DEMIREL,                  :
    Petitioner,            :
                                :
       v.                 :       **Civ. No. 25-5488**
                                  :
FEDERAL DETENTION CENTER   :
PHILADELPHIA, *et al.*,       :
    Defendants.           :

---

**Diamond, J.**                                                    **November 18, 2025**

## MEMORANDUM

Habeas Petitioner Arif Demirel—an "undocumented immigrant"—seeks release from detention, alleging violations of the Immigration and Nationality Act, the Administrative Procedure Act, and due process. See 28 U.S.C. § 2241. (Doc. No. 1.) The Government argues that under the INA, all non-citizens in this county illegally are subject to mandatory detention. See 8 U.S.C. § 1225. (Doc. No. 8.) I agree with Petitioner that the Government has misread the INA, and that Demirel is entitled to a bond hearing before an Immigration Judge. See 8 U.S.C. § 1226.

Although there is no apposite appellate authority, there are 288 district court decisions addressing this issue. In all but six, the Government's interpretation of the INA—the same interpretation it urges here—was rejected. I have set out all 288 decisions in the Appendix to this Memorandum. I agree with the reasoning in the 282 decisions—including two authored by members of this Court. See Cantu-Cortes v. O'Neill, No. 25-6338, 2025 WL 317639 (E.D. Pa. Nov. 13, 2025); Kashranov v. Jamison, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025).

In light of my ruling that Demirel is entitled to a bond hearing under the INA, I will not address his APA and due process claims.

1

## I.      BACKGROUND

Demirel is a citizen of Turkey.  (Doc. No. 1 ¶ 20.)  In the Spring of 2023, he entered the United States from Mexico "without inspection"—a euphemism denoting that he did so in violation of the law.  See 8 U.S.C. § 1325.  (Id.)  On April 8, 2023, Customs and Border Protection subsequently detained him.  (Id. ¶ 21; Doc. No. 8 at 2.)  The next day, Immigration and Customs Enforcement served Demirel with a Notice to Appear (Form I-862) and an Order of Release on Recognizance (Form I-220A), releasing him to a sponsor in Delaware under the Alternatives to Detention Program.  (Doc. Nos. 1 ¶ 21, 8-1 at 2.)  After applying to Citizenship and Immigration Services for asylum, Demirel received a five-year work permit (Form I-765).  (Id. ¶ 23.)  On November 15, 2023, an Immigration Judge in Philadelphia dismissed removal proceedings for failure to prosecute.  (Doc. 8-1 at 2.)

On September 16, 2025, Delaware State Police arrested Demirel for driving under the influence of alcohol.  (Id. at 3.)  Two days later, ICE arrested Demirel, served him with a Notice to Appear before an IJ in Elizabeth, New Jersey, and detained him at the Philadelphia Federal Detention Center with the intention of initiating removal proceedings.  (Doc 1-4.)  Demirel promptly filed the instant Petition, seeking his release or, in the alternative, the scheduling of a "bond hearing" before an IJ at which his detention could be addressed.  See 8 C.F.R. § 1003.19(d). (Doc. 1 ¶ 73.)  Demirel was subsequently transferred to the Pike County Correctional Facility. (Doc. No. 8 at 6.)

The Government opposes habeas relief.  (Doc. No. 8.)  The matter is fully briefed.  (Doc. Nos. 1, 8, 10.)

2

## II.     LEGAL STANDARDS

I may grant habeas relief to any person "in custody in violation of the Constitution or laws or treaties of the United States."  8 U.S.C. § 2241(c)(3).  "Habeas is a core remedy for unlawful executive detention" that is "regularly invoked on behalf of noncitizens."  Munaf v. Geren, 553 U.S. 674, 693 (2008); INS v. St. Cyr, 533 U.S. 289, 301 (2001).

Although immigration courts may offer helpful guidance on matters like this one, I must exercise "independent judgment."  Loper Bright Enters. v. Raimondo, 603 U.S. 369, 385–86, 388 (quoting Skidmore v. Swift & Co., 323 U.S. 134, 139–40 (1944)).

## III.    RESPONDENTS

"The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'"  Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242).  See also 28 U.S.C. § 2243 ("The writ . . . shall be directed to the person having custody of the person detained.")  Accordingly, "in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."  Padilla, 542 U.S. at 435.

Here, named Respondents are: the Warden of FDC Philadelphia (Jamal Jamison), the Acting Director of the ICE Philadelphia Field Office (Brian McShane), the Acting Director of ICE (Todd Lyons), and the Secretary of Homeland Security (Kristi Noem).  (Doc. No. 1.)  Because Mr. McShane has the authority to effectuate Demirel's release, he is a proper Respondent.  See Corona Diaz v. Olson, No. 25-12141, 2025 WL 3022170, at *1 (N.D. Ill. Oct. 29, 2025).  As Mr. Jamison is no longer Demirel's custodian, and Mr. Lyons and Ms. Noem are "remote supervisory official[s]," I will dismiss them as Respondents.  See Padilla, 542 U.S. at 435.

3

## IV.    JURISDICTION

The Government argues that I must dismiss for want of jurisdiction.  (Doc. No. 8 at 9–14 (citing 8 U.S.C. §§ 1252(b)(9), 1252(g), and 1252(a)(2)(B)(ii)).)  I disagree.

### A.    Section 1252(b)(9)

This statute provides that: legal claims "arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section." 8 U.S.C. §§ 1252(b)(9).  Those claims must be filed "with an appropriate court of appeals." § 1252(a)(2)(D).  The Government urges that because Demirel's claims "arise from" the commencement of removal proceedings, they are barred by § 1252(b)(9). (Doc. No. at 11–14.)

Yet, § 1252(b)(9) "does not reach 'claims that are independent of, or wholly collateral to, the removal process.'"  E.O.H.C. v. Sec'y United States Dep't of Homeland Sec., 950 F.3d 177, 186 (3d Cir. 2020) (quoting Aguilar v. U.S. Immigr. & Customs Enf't Div. of Dep't of Homeland Sec., 510 F.3d 1, 11 (1st Cir. 2007)).  The Supreme Court has defined "removal process" with respect to those undocumented immigrants who seek to be heard on their continuing detention:

> [Habeas Petitioners] are not challenging the decision to detain them in the first place or to seek removal; and they are not even challenging any part of the process by which their removability will be determined. Under these circumstances, § 1252(b)(9) does not present a jurisdictional bar.

Jennings v. Rodriguez, 583 U.S. 281, 294–95 (2018).

Demirel challenges the denial of a bond hearing, which regulations of the Executive Office for Immigration Review provide is "independent of" and "collateral to" the removal process.  E.O.H.C., 950 F.3d at 186.  See 8 C.F.R. § 1003.19(d) ("Consideration by the Immigration Judge of an application or request of a respondent regarding custody or bond under this section shall be

4

separate and apart from, and shall form no part of, any deportation or removal hearing or proceeding.")  (See Doc. No. 1.)

Moreover, § 1252(b)(9) "does not strip jurisdiction when aliens seek relief that courts cannot meaningfully provide alongside review of a final order of removal."  E.O.H.C., 950 F.3d at 186; id. at 180 ("If 'later' is not an option, review is available now.")  Later is not an option here, because the Court of Appeals could not "meaningfully" redress Demirel's purportedly unlawful denial of release on bond should his final removal be ordered.

Accordingly, § 1252(b)(9) does not bar this Court's review of the decision to refuse Demirel a bond hearing.  See E.O.H.C., 950 F.3d at 180.

**B.      Section 1252(g)**

This statute provides that: "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to [1] commence proceedings, [2] adjudicate cases, or [3] execute removal orders against any alien under this chapter."  8 U.S.C. § 1252(g).  "[T]he provision applies only to [these] three discrete actions."  Reno v. Am.-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999).  Section 1252(g) is thus even "narrower" than § 1252(b)(9) and should not be read as a "general jurisdictional limitation."  Reno, 583 U.S. at 487; Dep't of Homeland Sec. v. Regents of the Univ. of California, 591 U.S. 1, 19 (2020).

Again, Demirel seeks a bond hearing; he does not challenge the commencement, adjudication, or execution of his removal (which may not even occur).  (See Doc. No. 1.)  The Government's contention that his claims "arise from" the commencement of removal proceedings is thus incorrect.  See Reno, 525 U.S. 471, 482; Jennings, 583 U.S. at 294; Tazu v. Att'y Gen. United States, 975 F.3d 292, 296 (3d Cir. 2020).  (Doc. No. 8 at 9–11.)  See also Mohammed H. v.

Trump, No. 25-1576, —— F. Supp. 3d ——, ——, 2025 WL 1692739, at *2 (D. Minn. June 7, 2025) (no jurisdictional bar when the petitioner "is not seeking to pause or end his removal proceedings").

Accordingly, Section 1252(b)(9) does not bar this Court's review.

### C.      Section 1252(a)(2)(B)(ii)

This statute provides that: "no court shall have jurisdiction to review any other decision or action of the Attorney General or Secretary of Homeland Security the authority for which specified under to be in the discretion of the Attorney General or the Secretary of Homeland Security."  8 U.S.C. § 1252(a)(2)(B)(ii).

The Government thus argues that "courts may not entertain a challenge to a discretionary decision under the INA."  (Doc. No. 8 at 14.)  Yet, the Government's statutory detention power is "not a matter of discretion."  Zadvydas v. Davis, 533 U.S. 678, 688 (2001).  See also Mirzoev v. Olson, No. 25-12969, 2025 WL 3101969, at *2 (N.D. Ill. Nov. 6, 2025) (same).

Section 1252(a)(2)(B)(ii) thus also does not apply here.

## V.      EXHAUSTION

The Government also argues that I must dismiss Demirel's claims because Demirel has failed to raise them first before an IJ and the Board of Immigration Appeals.  (Doc. No. 8 at 14–16.)  Again, I disagree.

Although habeas petitioners are "ordinarily required to exhaust their administrative remedies," they "need not exhaust administrative remedies where the issue presented involves only statutory construction."  Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996); Vasquez v. Strada, 684 F.3d 431, 433–34 (3d Cir. 2012) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981).  As I discuss below, Demirel's claims turn on how INA Sections 235

and 236 are construed. See del Cid v. Bondi, No. 25-304, 2025 WL 2985150, at *13 (W.D. Pa. Oct. 23, 2025). Exhaustion is thus not required.

Exhaustion "is likewise not required when it would be futile." del Cid, 2025 WL 2985150, at *13 (citing Rose v. Lundy, 455 U.S. 509, 516 n.7 (1982)). In Yajure Hurtado, the Bureau of Immigration Appeals, construing Sections 235 and 236, held that IJs "lack authority to hear bond requests or to grant bond to aliens . . . who are present in the United States without admission." 29 I. & N. Dec. at 225. As the Government acknowledges, "this is the law of the land in immigration court today." (Doc. No. 8 at 21 n.2.) Because the BIA has "predetermined the statutory issue," Demirel has "no reasonable prospect of obtaining relief" through administrative remedies. Corona Diaz, 2025 WL 3022170, at *3 (citing Gonzalez v. O'Connell, 355 F.3d 1010, 1018–19 (7th Cir. 2004)); del Cid, 2025 WL 2985150, at *13. Again, exhaustion is not required.

Accordingly, I will not dismiss for failure to exhaust.

## VI. LEGAL BASIS FOR DETENTION

The gravamen of this dispute is whether Demirel's detention is mandatory under INA § 235(b) (8 U.S.C. § 1225(b)) or discretionary under § 236(a) (8 U.S.C. § 1226(a)). "The vast majority of courts confronting this precise issue have rejected [the Government's] interpretation, and the BIA's interpretation in Hurtado, as contradictory to the plain text of § 1225." Ayala Amaya v. Bondi, No. 25-16429, 2025 WL 3033880, at *2 (D.N.J. Oct. 30, 2025) (collecting cases). Once again, of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here. See Appendix. Those decisions are plainly correct.

Section 1225(b) provides that: "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien *seeking admission* is not clearly and

7

beyond a doubt entitled to be admitted, the alien shall be detained for a [removal] proceeding." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). Detention is mandatory in those circumstances. See Jennings, 583 U.S. at 300.

Section 1226(a) provides that: "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Aliens detained under § 1226(a) may appeal an "initial custody determination"—including the setting of bond—to an IJ. 8 C.F.R. § 1236.1(d)(1). See also Jennings, 583 U.S. at 288–89 (the AG "may release" noncitizens on "bond" or "conditional parole," "except as provided in subsection (c)") (quoting §§ 1226(a) and (c)).

Here, Demirel was already in the United States—not actively "seeking admission"—when he was arrested for DUI in 2025. (See Doc. Nos. 1, 8.) The Supreme Court has explained that "aliens already in the country pending the outcome of removal proceedings" may be detained pursuant to § 1226(a). Jennings, 583 U.S. at 289. That the statute allows discretionary detention is presumably why the Government released Demirel on recognizance in 2023. (Doc. Nos. 1 ¶ 21, 8-1 at 2.) Such a release is authorized only under § 1226(a), not § 1225(b), which requires the AG to release from detention an "undocumented immigrant" (like Demirel) only "for urgent humanitarian reasons or significant public benefit." See § 1182(d)(5)(A). (Doc. Nos. 1 ¶ 21, 8-1 at 2.) The Government does not suggest that these were the reasons for Demirel's 2023 release. (See Doc. Nos. 8-1, 8-2.)

If, as the Government argues, § 1225(b) applies to all "applicant[s] for admission," then there was no need for Congress to limit the statute's application to "alien[s] seeking admission." I am not prepared to read this part of § 1225(b) out of existence. See United States ex rel. Polansky v. Exec. Health Res., Inc., 599 U.S. 419, 432 (2023) ("[E]very clause and word of a statute should

8

have meaning."). Yet, that is what the Government asks me to do. Further, if all aliens here illegally are already subject to mandatory detention under § 1225(b), then the Laken Riley Act's recent expansion of mandatory detention under § 1226(c)(1)(E) would also be beside the point. See Pub. L. No. 119-1, 139 Stat. 3 (2025). Once again, I am not prepared to render an Act of Congress superfluous. Stone v. I.N.S., 514 U.S. 386, 397 (1995) ("When Congress acts to amend a statute, we presume it intends its amendment to have real and substantial effect.").

The Government nonetheless argues that §§ 1225(b) and 1226(a) simply "overlap and are not mutually exclusive." (Doc. No. 8 at 22 (citing Vargas Lopez v. Trump, No. 25-526, 2025 WL 2780351 (D. Neb. Sept. 30, 2025).) Yet, as the AG very recently recognized, "section [1225] (under which detention is mandatory) and section [1226] (under which detention is permissive) can be reconciled only if they apply to different classes of aliens." Romero v. Hyde, No. 25-11631, ⸺ F. Supp. 3d ⸺, ⸺, 2025 WL 2403827, at *11 (D. Mass. Aug. 19, 2025) (quoting Matter of M-S-, 27 I. & N. Dec. 509, 516 (Att'y Gen. 2019). Moreover, only three months ago, the Government did not dispute that these provisions are mutually exclusive. Lopez Benitez v. Francis, No. 25-5937, ⸺ F. Supp. 3d ⸺, ⸺, 2025 WL 2371588, at *3 (S.D.N.Y. Aug. 13, 2025). It is thus difficult to credit the Government's squarely contradictory position here.

In these circumstances, the law is clear: the Government detained Demirel pursuant to § 1226(a), which allows him to seek bond a hearing before an IJ.

## VII. RELIEF

I will refrain at this time from ordering Demirel's immediate release. Rather, I will order Mr. McShane (the remaining Respondent) to afford Demirel the procedural protections that § 1226(a) provides: a bond hearing before an IJ and an appeal to the BIA should the IJ deny bond. See 8 C.F.R. § 1236.1(d)(1).

## VIII. CONCLUSION

Pursuant to 8 U.S.C § 1226(a), I will grant Demirel's Petition to the extent that he seeks an Order requiring a bond hearing before an Immigration Judge and an appeal to the Bureau of Immigration Appeals. In light of my decision, I will not also address Demirel's APA and due process contentions.

An appropriate Order follows.

**BY THE COURT.**


*/s/ Paul S. Diamond*
**PAUL S. DIAMOND, J.**

**APPENDIX**

**FIRST CIRCUIT**

**District of Maine**

1. Chogllo Chafla v. Scott, No. 25-00437, 2025 WL 2688541 (D. Me. Sept. 22, 2025)

2. Chang Barrios v. Shepley, No. 25-00406, 2025 WL 2772579 (D. Me. Sept. 29, 2025)

3. Chiliquinga Yumbillo v. Stamper, No. 25-00479, 2025 WL 2783642 (D. Me. Sept. 30, 2025)

4. Aguilar Guerra v. Joyce, No. 25-00534, 2025 WL 2999042 (D. Me. Oct. 24, 2025)

5. Petion v. Hyde, No. 25-00535, 2025 WL 3072567 (D. Me. Nov. 3, 2025)

**District of Massachusetts**

6. Gomes v. Hyde, No. 25-11571, 2025 WL 1869299 (D. Mass. July 7, 2025)

7. Martinez v. Hyde, No. 25-11613, —— F. Supp. 3d ——, 2025 WL 2084238 (D. Mass. July 24, 2025)

8. dos Santos v. Lyons, No. 25-12052, 2025 WL 2370988 (D. Mass. Aug. 14, 2025)

9. Romero v. Hyde, No. 25-11631, —— F. Supp. 3d ——, 2025 WL 2403827 (D. Mass. Aug. 19, 2025)

10. Diaz Diaz v. Mattivelo, No. 25-12226, 2025 WL 2457610 (D. Mass. Aug. 27, 2025)

11. Doe v. Moniz, No. 25-12094, 2025 WL 2576819 (D. Mass. Sept. 5, 2025)

12. Encarnacion v. Moniz, No. 25-12237, Doc. No. 5 (D. Mass. Sept. 5, 2025)

13. Sampiao v. Hyde, No. 25-11981, 2025 WL 2607924 (D. Mass. Sept. 9, 2025)

14. Hilario Rodriguez v. Moniz, No. 12-12358, Doc. No. 22 (D. Mass Sept. 18, 2025)

15. Locon Cordero v. Hyde, No. 25-12802, Doc. No. 15 (D. Mass. Sept. 28, 2025)

16. Inlago Tocagon v. Moniz, No. 25-12453, —— F. Supp. 3d ——, 2025 WL 2778023 (D. Mass. Sept. 29, 2025)

17. Romero-Nolasco v. McDonald, No. 25-12492, 2025 WL 2778036 (D. Mass. Sept. 29, 2025)

18. Romero-Nolasco v. McDonald, No. 25-12584, Doc. No. 9 (D. Mass. Oct. 2, 2025)

19. Elias Escobar v. Hyde, No. 25-12620, 2025 WL 2823324 (D. Mass. Oct. 3, 2025)

20. Guerrero Orellana v. Moniz, No. 25-12664, —— F. Supp. 3d ——, 2025 WL 2809996 (D. Mass. Oct. 3, 2025)

21. Pereira de Souza v. Hyde, No. 25-12532, Doc. No. 13 (D. Mass. Oct. 6, 2025)

22. de Andrade v. Moniz, No. 25-12455, 2025 WL 2841844 (D. Mass. Oct. 7, 2025)

23. <u>de Los Reyes Gonzalez v. McDonald</u>, No. 25-12644, Doc. No. 10 (D. Mass. Oct. 9, 2025)

24. <u>Landaverde v. Hyde</u>, No. 25-12552, Doc. No. 16 (D. Mass Oct. 10, 2025)

25. <u>Pineda-Chavez v. Hyde</u>, No. 25-12932, Doc. No. 9 (D. Mass. Oct. 16, 2025)

26. <u>Garcia Guaman v. Hyde</u>, No. 25-12879, Doc. No. 7 (D. Mass. Oct. 17, 2025)

27. <u>Nogueira da Silva v. Hyde</u>, No. 25-12931, Doc. No. 10 (D. Mass. Oct. 17, 2025)

28. <u>Lema Zamora v. Noem</u>, No. 25-12750, 2025 WL 2958879 (D. Mass. Oct. 17, 2025)

29. <u>Custodio de Souza v. Muniz</u>, No. 25-12636, Doc. No. 14 (D. Mass. Oct. 18, 2025)

30. <u>Hercules Acosta v. Hyde</u>, No. 25-13011, Doc. No. 10 (D. Mass. Oct. 20, 2025)

31. <u>Monzon v. Hyde</u>, No. 25-12594, Doc. No. 15 (D. Mass. Oct. 20, 2025)

32. <u>da Silva v. Bondi</u>, No. 25-12672, 2025 WL 2969163 (D. Mass. Oct. 21, 2025)

33. <u>Coelho Gomes v. Moniz</u>, No. 25-13021, Doc. No. 8 (D. Mass. Oct. 22, 2025)

34. <u>Cortez Rivera v. Hyde</u>, No. 25-12390, 2025 WL 2977900 (D. Mass. Oct. 22, 2025)

35. <u>Moreira Aguiar v. Moniz</u>, No. 25-12706, 2025 WL 2987656 (D. Mass. Oct. 22, 2025)

36. <u>Maza Maza v. Hyde</u>, No. 25-13013, Doc. No. 8 (D. Mass. Oct. 23, 2025)

37. <u>Cesario Souza v. Hyde</u>, No. 25-12461, 2025 WL 2997670 (D. Mass. Oct. 24, 2025)

38. <u>Chavez Castillo v. Moniz</u>, No. 25-13091, Doc. No. 8 (D. Mass. Oct. 27, 2025)

39. <u>de Moura v. Moniz</u>, No. 25-13058, Doc. No. 10 (D. Mass. Oct. 27, 2025)

40. <u>Mejia Arias v. Moniz</u>, No. 25-13019, Doc. No. 8 (D. Mass. Oct. 27, 2025)

41. <u>Zolakio v. Hyde</u>, No. 25-13040, Doc. No. 8 (D. Mass. Oct. 28, 2025)

42. <u>Ramirez Ramirez v. Moniz</u>, No. 25-13048, Doc. No. 23 (D. Mass. Oct. 29, 2025)

43. <u>Gamez Martinez v. Moniz</u>, No. 25-13008, Doc. No. 8 (D. Mass. Oct. 30, 2025)

44. <u>Zavala Rivera v. McDonald</u>, No. 25-13070, Doc. No. 8 (D. Mass. Nov. 3, 2025)

45. <u>de Souza Filho v. Hyde</u>, No. 25-13207, Doc. No. 8 (D. Mass. Oct. 30, 2025)

46. <u>Orrego Marin v. Moniz</u>, No. 25-13032, Doc. No. 9 (D. Mass. Nov. 4, 2025)

47. <u>Portillo Martinez</u>, No. 25-11909, 2025 WL 3152847 (D. Mass. Nov. 12, 2025)

48. Anselmo v. Moniz, No. 25-13309, 2025 WL 3171137 (D. Mass. Nov. 13, 2025)

49. Caguana-Caguana v. Moniz, No. 25-13142, 2025 WL 3171043 (D. Mass. Nov. 13, 2025)

**District of New Hampshire**

50. Jimenez v. FCI Berlin, Warden, No. 25-00326, 2025 WL 2639390 (D.N.H. Sept. 8, 2025)

51. Malan Quizhpi v. Brackett, No. 25-389, Doc. No. 2 (D.N.H. Oct. 9, 2025)

52. Lamidi v. FCI Berlin, Warden, No. 25-00297, Doc. No. 14 (D.N.H. Sept. 15, 2025)

**District of Rhode Island**

53. Rodriguez v. Bondi, No. 25-406, 2025 WL 2899769 (D.R.I. Oct. 10, 2025)

54. Tomas Elias v. Hyde, No. 25-540, 2025 WL 3004437 (D.R.I. Oct. 27, 2025)

55. Astudillo v. Hyde, No. 25-551, 2025 WL 3035083 (D.R.I. Oct. 30, 2025)

56. Herrera Martinez v. Hyde, No. 25-575, 2025 WL 3124025 (D.R.I. Nov. 7, 2025)

**SECOND CIRCUIT**

**Eastern District of New York**

57. J.U. v. Maldonado, No. 25-04836, 2025 WL 2772765 (E.D.N.Y. Sept. 29, 2025)

58. Artiga v. Genalo, No. 25-5208, 2025 WL 2829434 (E.D.N.Y. Oct. 5, 2025)

59. Hyppolite v. Noem, No. 25-4304, 2025 WL 2829511 (E.D.N.Y. Oct. 6, 2025)

**Southern District of New York**

60. Lopez Benitez v. Francis, No. 25-5937, —— F. Supp. 3d ——, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025)

61. Samb v. Joyce, No. 25-6373, 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025)

62. Gonzalez v. Joyce, No. 25-8250, 2025 WL 2961626 (S.D.N.Y. Oct. 19, 2025)

63. Romero Perez v. Francis, No. 25-8112, 2025 WL 3110459 (S.D.N.Y. Nov. 6, 2025)

64. Rueda Torres v. Francis, No. 25-8408, 2025 WL 3168759 (S.D.N.Y. Nov. 13, 2025)

**Western District of New York**

65. Barbosa da Cunha v. Moniz, No. 25-06532, Doc. No. 25 (W.D.N.Y. Oct. 20, 2025)

66. Alvarez Ortiz v. Freden, No. 25-960, —— F. Supp. 3d ——, 2025 WL 3085032 (W.D.N.Y. Nov. 4, 2025)

**THIRD CIRCUIT**

**District of New Jersey**

67. Zumba v. Bondi, No. 25-14626, 2025 WL 2753496 (D.N.J. Sept. 26, 2025)

68.  Castillo v. Lyons, No. 25-16219, 2025 WL 2940990 (D.N.J. Oct. 10, 2025)

69.  Buestan v. Chu, 2025 WL 2972252 (D.N.J. Oct. 21, 2025)

70.  Bethancourt Soto v. Soto, No. 25-16200, —— F. Supp. 3d ——, 2025 WL 2976572 (D.N.J. Oct. 22, 2025)

71.  Contreras Maldonado v. Cabezas, No. 25-13004, 2025 WL 2985256 (D.N.J. Oct. 23, 2025)

72.  Lomeu v. Soto, No. 25-16589, 2025 WL 2981296 (D.N.J. Oct. 23, 2025)

73.  Contreras Amaya v. Bondi, No. 25-16742, Doc. No. 7 (D.N.J. Oct. 26, 2025)

74.  Patel v. Almodovar, No. 25-15345, 2025 WL 3012323 (D.N.J. Oct. 28, 2025)

75.  Alaya Amaya v. Bondi, No. 25-16428, 2025 WL 3033880 (D.N.J. Oct. 30, 2025)

76.  Mboup v. Field Off. Dir. of New Jersey Immigr. & Customs Enf't, No. 25-16882, 2025 WL 3062791 (D.N.J. Nov. 3, 2025)

77.  Vincenz-Marquez v. Soto, No. 25-16906, 2025 WL 3097496 (D.N.J. Nov. 6, 2025)

78.  Guaman Naula v. Noem, No. 25-16792, 2025 WL 3158490 (D.N.J. Nov. 12, 2025

79.  Moreira da Silva v. LaForge., No. 25-17095, 2025 WL 3173859 (D.N.J. Nov. 13, 2025)

**Eastern District of Pennsylvania**

80.  Cantu-Cortes v. O'Neill, No. 25-6338, 2025 317639 (E.D. Pa. Nov. 13, 2025)

81.  Kashranov v. Jamison, No. 25-05555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025)

**Western District of Pennsylvania**

82.  del Cid v. Bondi, No. 25-00304, 2025 WL 2985150 (W.D. Pa. Oct. 23, 2025)

**FOURTH CIRCUIT**

**District of Maryland**

83.  Leal-Hernandez v. Noem, No. 25-02428, 2025 WL 2430025 (D. Md. Aug. 24, 2025)

84.  Maldonado de Leon v. Baker, No. 25-3084, 2025 WL 2968042 (D. Md. Oct. 21, 2025)

85.  Pineda Velasquez v. Sec'y Noem, No. 25-3215, 2025 WL 3003684 (D. Md. Oct. 27, 2025)

**Middle District of North Carolina**

86.  S.D.B.B. v. Johnson, No. 25-882, 2025 WL 2845170 (M.D.N.C. Oct. 7, 2025)

**Eastern District of Virginia**

87.  Hasan v. Crawford, No. 25-01408, —— F. Supp. 3d ——, 2025 WL 2682255 (E.D. Va. Sept. 19, 2025)

88.  Quispe v. Crawford, No. 25-01471, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025)

89. <u>Diaz Gonzalez v. Lyons</u>, No. 25-01583, Doc. No. 8 (E.D. Va. Oct. 1, 2025)

90. <u>Gomez Alonzo v. Simon</u>, No. 25-01587, Doc. No. 16 (E.D. Va. Oct. 1, 2025)

91. <u>Perez Bibiano v. Lyons</u>, No. 25-01590, Doc. No. 8 (E.D. Va. Oct. 1, 2025)

92. <u>Vargas Nunez v. Lyons</u>, No. 25-01574, Doc. No. 10 (E.D. Va. Oct. 1, 2025)

93. <u>Ibarra Garcia v. Simon</u>, No. 25-01663, Doc. No. 6 (E.D. Va. Oct. 3, 2025)

94. <u>Guerra Leon v. Noem</u>, No. 25-01634, Doc. No. 12 (E.D. Va. Oct. 8, 2025)

95. <u>Maldonado Merlos v. Noem</u>, No. 25-01645, Doc. No. 11 (E.D. Va. Oct. 9, 2025)

96. <u>Singh v. Lyons</u>, No. 25-01606, 2025 WL 2932635 (E.D. Va. Oct. 14, 2025)

97. <u>Hernandez v. Crawford</u>, No. 25-01565, 2025 WL 2940702 (E.D. Va. Oct. 16, 2025)

98. <u>Flores Pineda v. Simon</u>, No. 25-01616, 2025 WL 2980729 (E.D. Va. Oct. 21, 2025)

99. <u>Gregorio Lapop v. Noem</u>, No. 25-01666, 2025 WL 2997507 (E.D. Va. Oct. 24, 2025)

100. <u>Duarte Escobar, v. Perry</u>, No. 25-00758, 2025 WL 3006742 (E.D. Va. Oct. 27, 2025)

101. <u>Sanchez-Lopez v. Crawford</u>, No. 25-01721, Doc. No. 6 (E.D. Va. Oct. 27, 2025)

102. <u>Sanchez Saire v. Elliston</u>, No. 25-01808, Doc. No. 7 (E.D. Va. Oct. 27, 2025)

103. <u>Garcia Guardado v. Lyons</u>, No. 25-01741, Doc. No. 5 (E.D. Va. Oct. 28, 2025)

104. <u>Montejo v. Lyons</u>, No. 25-01751, Doc. No. 7 (E.D. Va. Oct. 28, 2025)

105. <u>Velasquez Lozano v. Simon</u>, No. 25-01731, Doc. No. 5 (E.D. Va. Oct. 28, 2025)

106. <u>Torres Torres v. Noem</u>, No. 25-01866, Doc. No. 10 (E.D. Va. Nov. 3, 2025)

107. <u>Vicente v. U.S. Immigr. & Customs Enf't</u>, No. 25-01836, Doc. No. 6 (E.D. Va. Nov. 3, 2025)

108. <u>Lopez Sarmiento v. Perry</u>, No. 25-01644, 2025 WL 3091140 (E.D. Va. Nov. 5, 2025)

109. <u>Diaz Garcia v. Noem,</u> No. 25-1712, 2025 WL 3111223 (E.D. Va. Nov. 6, 2025)

110. <u>Servellon Martinez v. Lyons</u>, No. 25-01792, Doc. No. 7 (E.D. Va. Nov. 7, 2025)

**FIFTH CIRCUIT**

**Western District of Louisiana**

111. <u>Kostak v. Trump,</u> No. 25-01093, 2025 WL 2472136 (W.D. La. Aug. 27, 2025)

112. Lopez Santos v. Noem, No. 25-01193, 2025 WL 2642278 (W.D. La. Sept. 11, 2025)

113. Barrios Sandoval v. Acuna, No. 25-01467, 2025 WL 3048926 (W.D. La. Oct. 31, 2025)

114. Silva Oliveira v. Patterson, No. 25-01463, 2025 WL 3095972 (W.D. La. Nov. 4, 2025)

**Southern District of Texas**

115. Buenrostro-Mendez v. Bondi, No. 25-3726, 2025 WL 2886346 (S.D. Tex. Oct. 7, 2025)

116. Covarrubias v. Vergara, No. 25-112, 2025 WL 2950097 (S.D. Tex. Oct. 8, 2025)

117. Angel Fuentes v. Lyons, No. 25-00153, Doc. No. 15 (S.D. Tex. Oct. 16, 2025)

118. Almanzan Tapia v. Vergara, No. 25-00174, Doc. No. 3 (S.D. Tex Oct. 17, 2025)

119. Torres-Rodriguez v. Noem, No. 25-05035, Doc. No. 5 (S.D. Tex. Nov. 3, 2025)

120. Montoya Cabanas v. Bondi, No. 25-04830, 2025 WL 3171331 (S.D. Tex. Nov. 13, 2025)

121. Cruz Gutierrez v. Warden Thompson, No. 25-4695, 2025 WL 3187521 (S.D. Tex. Nov. 14, 2025)

**SIXTH CIRCUIT**

**Western District of Kentucky**

122. Barrera v. Tindall, No. 25-00541, 2025 WL 2690565 (W.D. Ky. Sept. 19, 2025)

123. Singh v. Lewis, No. 25-00096, 2025 WL 2699219 (W.D. Ky. Sept. 22, 2025)

124. Ballestros v. Noem, No. 25-594, 2025 WL 2880831 (W.D. Ky. Oct. 9, 2025)

125. Martinez-Elvir v. Olson, No. 25-589, —— F. Supp. 3d ——, 2025 WL 3006772 (W.D. Ky. Oct. 27, 2025)

126. Orellana v. Noem, No. 25-112, —— F. Supp. 3d ——, 2025 WL 3006763 (W.D. Ky. Oct. 27, 2025)

127. Hernandez Alonso v. Tindall, No. 25-652, 2025 WL 3083920 (W.D. Ky. Nov. 4, 2025)

**Eastern District of Michigan**

128. Lopez-Campos v. Raycroft, No. 25-12486, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025)

129. Pizarro Reyes v. Raycraft, No. 25-12546, 2025 WL 2609425 (E.D. Mich. Sept. 9, 2025)

130. Diaz Sandoval v. Raycraft, No. 25-12987, 2025 WL 2977517 (E.D. Mich. Oct. 17, 2025)

131. Pacheco Mayen, v. Raycraft, No. 25-13056, 2025 WL 2978529 (E.D. Mich. Oct. 17, 2025)

6

132. Casio-Mejia v. Raycraft, No. 25-13032, 2025 WL 2976737 (E.D. Mich. Oct. 21, 2025)

133. Santos Franco v. Raycraft, No. 25-13188, 2025 WL 2977118 (E.D. Mich. Oct. 21, 2025)

134. Gimenez Gonzalez v. Raycraft, No. 25-13094, 2025 WL 3006185 (E.D. Mich. Oct. 27, 2025)

135. Hernandez Capote v. Sec'y of U.S. Dep't of Homeland Sec., No. 25-13128, 2025 WL 3089756 (E.D. Mich. Nov. 5, 2025)

136. Diego v. Raycraft, No. 25-13288, 2025 WL 3159106 (E.D. Mich. Nov. 12, 2025)

**Western District of Michigan**

137. Sanchez Alvarez v. Noem, No. 25-1090, 2025 WL 2942648 (W.D. Mich. Oct. 17, 2025)

138. Rodriguez Carmona v. Noem, No. 25-1131, 2025 WL 2992222 (W.D. Mich. Oct. 24, 2025)

139. Puerto-Hernandez v. Lynch, No. 25-1097, 2025 WL 3012033 (W.D. Mich. Oct. 28, 2025)

140. Marin Garcia v. Noem, No. 25-1271, 2025 WL 3017200 (W.D. Mich. Oct. 29, 2025)

141. Rodriguez v. Noem, No. 25-1196, 2025 WL 3022212 (W.D. Mich. Oct. 29, 2025)

142. de Jesus Ramirez v. Noem, No. 25-1261, 2025 WL 3039266 (W.D. Mich. Oct. 31, 2025)

143. Escobar-Ruiz v. Raycraft, No. 25-1232, 2025 WL 3039255 (W.D. Mich. Oct. 31, 2025)

144. Salgado Mendoza v. Noem, No. 25-1252, 2025 WL 3077589 (W.D. Mich. Nov. 4, 2025)

145. Hernandez Garcia v. Raycraft, No. 25-1281, 2025 WL 3122800 (W.D. Mich. Nov. 7, 2025)

146. Rodriguez Serrano v. Noem, No. 25-1320, 2025 WL 3122825 (W.D. Mich. Nov. 7, 2025)

147. Contreras Alvarez v. Noem, No. 25-1313, 2025 WL 3151948 (W.D. Mich. Nov. 12, 2025)

148. Lucero Lucero v. Noem, No. 25-1295, 2025 WL 3165235 (W.D. Mich. Nov. 12, 2025)

149. Ginez Hernandez v. Noem, No. 25-1307, 2025 WL 3170872 (W.D. Mich. Nov. 13, 2025)

150. Madrid Gonzalez v. Noem, No. 25-1315, 2025 WL 3170879 (W.D. Mich. Nov. 13, 2025)

151. Mora Lara v. Noem, No. 25-1332, 2025 WL 3170876 (W.D. Mich. Nov. 13, 2025)

152. Singh v. Noem, No. 25-1251, 2025 WL 3170855 (W.D. Mich. Nov. 13, 2025)

153. Amigon Cardona v. Unknown Party #1, No. 25-1297, 2025 WL 3200682 (W.D. Mich. Nov. 17, 2025)

154. <u>Sevilla v. Noem</u>, No. 25-1325, 2025 WL 3200698 (W.D. Mich. Nov. 17, 2025)

155. <u>Silva Orellana v. Noem</u>, No. 12-1333, 2025 WL 3198685 (W.D. Mich. Nov. 17, 2025)

**Northern District of Ohio**

156. <u>Laguna Espinoza v. Dir. of Detroit Field Off.</u>, No. 25-02107, 2025 WL 2878173 (N.D. Ohio Oct. 9, 2025)

157. <u>Moralez Chavez v. Dir. of Detroit Field Off.</u>, No. 25-02061, 2025 WL 2959617 (N.D. Ohio Oct. 20, 2025)

158. <u>E.V. v. Raycraft</u>, No. 25-02069, 2025 WL 3122837 (N.D. Ohio Nov. 7, 2025)

159. <u>Morales Chavez v. Dir. of Detroit Field Off.</u>, No. 25-02061, 2025 WL 3187080 (N.D. Ohio Nov. 14, 2025)

**Western District of Tennessee**

160. <u>Godinez-Lopez v. Ladwig</u>, No. 25-02962, 2025 WL 3047889 (W.D. Tenn. Oct. 31, 2025)

SEVENTH CIRCUIT

**Northern District of Illinois**

161. <u>Ochoa Ochoa v. Noem</u>, No. 25-10865, 2025 WL 2938779 (N.D. Ill. Oct. 16, 2025)

162. <u>H.G.V.U. v. Smith</u>, No. 25-10931, 2025 WL 2962610 (N.D. Ill. Oct. 20, 2025)

163. <u>G.Z.T. v. Smith</u>, No. 25-12802, Doc. No. 14 (N.D. Ill. Oct. 21, 2025)

164. <u>Miguel v. Noem</u>, No. 25-11137, 2025 WL 2976480 (N.D. Ill. Oct. 21, 2025)

165. <u>Padilla v. Noem</u>, No. 25-12462, 2025 WL 2977742 (N.D. Ill. Oct. 22, 2025)

166. <u>Maldonado v. Crowley</u>, No. 25-12762, Doc. No. 16 (N.D. Ill. Oct. 24, 2025)

167. <u>Patel v. Crowley</u>, No. 25-11180, 2025 WL 2996787 (N.D. Ill. Oct. 24, 2025)

168. <u>Amigon Sanchez v. Olson</u>, No. 25-12453, 2025 WL 3004580 (N.D. Ill. Oct. 27, 2025)

169. <u>Corona Diaz v. Olson</u>, No. 25-12141, 2025 WL 3022170 (N.D. Ill. Oct. 29, 2025)

170. <u>Rosales Ponce v. Olson</u>, No. 25-13037, 2025 WL 3049785 (N.D. Ill. Oct. 31, 2025)

171. <u>Valencia v. Noem</u>, No. 25-12829, 2025 WL 3042520 (N.D. Ill. Oct. 31, 2025)

172. <u>D.E.C.T. v. Noem</u>, No. 25-12463, 2025 WL 3063650 (N.D. Ill. Nov. 3, 2025)

173. <u>Flores v. Olson</u>, No. 25-12916, 2025 WL 3063540 (N.D. Ill. Nov. 3, 2025)

174. <u>Galvis Cortes v. Olsen</u>, No. 25-6293, 2025 WL 3063636 (N.D. Ill. Nov. 3, 2025)

175. <u>Reyes Arizmendi v. Noem</u>, No. 25-13041, 2025 WL 3089107 (N.D. Ill. Nov. 5, 2025)

176. Mirzoev v. Olson, No. 25-12969, 2025 WL 3101969 (N.D. Ill. Nov. 6, 2025)

177. Pacheco Carrillo v. Noem, No. 25-12963, 2025 WL 3101993 (N.D. Ill. Nov. 6, 2025)

178. Garcia Rios v. Olson, No. 25-13180, 2025 WL 3124173 (N.D. Ill. Nov. 7, 2025)

179. Munoz Arredondo v. Olson, No. 25-12882, 2025 WL 3124149 (N.D. Ill. Nov. 7, 2025)

180. Perez v. Noem, No. 25-13441, 2025 WL 3140692 (N.D. Ill. Nov. 10, 2025)

181. Ramirez Martinez v. Noem, No. 25-12029, 2025 WL 3145103 (N.D. Ill. Nov. 11, 2025)

182. Vasquez Gonzalez v. Olson, No. 25-13162, 2025 WL 3158191 (N.D. Ill. Nov. 12, 2025)

183. Cabrera v. Noem, No. 25-12160, 2025 WL 3171288 (N.D. Ill. Nov. 13, 2025)

184. Mariscal Serrano v. Salazar, No. 23-13170, 2025 WL 3171354 (N.D. Ill. Nov. 13, 2025)

185. Rodriguez Loredo v. Forestal, No. 25-12758, 2025 WL 3187319 (N.D. Ill. Nov. 14, 2025)

**Southern District of Indiana**

186. Campos Leon v. Forestal, No. 25-01774, 2025 WL 2694763 (S.D. Ind. Sept. 22, 2025)

187. Alejandro v. Olson, No. 25-02027, 2025 WL 2896348 (S.D. Ind. Oct. 11, 2025)

188. Singh v. Bondi, No. 25-02101, 2025 WL 3029524 (S.D. Ind. Oct. 30, 2025)

189. Delgado Avila v. Crowley, No. 25-00533, —— F. Supp. 3d ——, 2025 WL 3171175 (S.D. Ind. Nov. 13, 2025)

190. Quishpe-Guaman v. Noem, No. 25-00211, 2025 WL 3201072 (S.D. Ind. Nov. 17, 2025)

**EIGHTH CIRCUIT**

**Northern District of Iowa**

191. Giron Reyes v. Lyons, No. 25-04048, 2025 WL 2712427 (N.D. Iowa Sept. 23, 2025)

192. Garcia Picazo v. Sheehan, No. 25-4057, 2025 WL 3006188 (N.D. Iowa Oct. 27, 2025)

193. Chilel Chilel v. Sheehan, No. 25-4053, 2025 WL 3158617 (N.D. Iowa Nov. 12, 2025)

**Southern District of Iowa**

194. Barrajas v. Noem, No. 25-00322, 2025 WL 2717650 (S.D. Iowa Sept. 23, 2025)

195. Helbrum v. Williams Olson, No. 25-00349, 2025 WL 2840273 (S.D. Iowa Sept. 30, 2025)

**District of Minnesota**

196. Aguilar Maldonado v. Olson, No. 25-3142, —— F. Supp. 3d ——, 2025

9

WL 2374411 (D. Minn. Aug. 15, 2025)

197. J.O.E. v. Bondi, No. 25-03051, ——— F. Supp. 3d ———, 2025 WL 2466670 (D. Minn. Aug. 27, 2025)

198. Francisco T. v. Bondi, No. 25-03219, 2025 WL 2629839 (D. Minn. Aug. 29, 2025)

199. Belsai D.S. v. Bondi, No. 25-03682, 2025 WL 2802947 (D. Minn. Oct. 1, 2025)

200. Eliseo A.A. v. Olson, No. 25-3381, 2025 WL 2886729 (D. Minn. Oct. 8, 2025)

201. Herrera Avila v. Bondi, No. 25-3741, 2025 WL 2976539 (D. Minn. Oct. 21, 2025)

202. E.M. v. Noem, No. 25-975, 2025 WL 3157839 (D. Minn. Nov. 12, 2025)

**Eastern District of Missouri**

203. Mejia Olalde v. Noem, No. 25-00168, 2025 WL 3131942 (E.D. Mo. Nov. 10, 2025)

**District of Nebraska**

204. Garcia Jimenez v. Kramer, No. 25-03162, 2025 WL 2374223 (D. Neb. Aug. 14, 2025)

205. Carmona-Lorenzo v. Trump, No. 25-3172, 2025 WL 2531521 (D. Neb. Sept. 3, 2025)

206. Palma Perez v. Berg, No. 25-494, ——— F. Supp. 3d ———, 2025 WL 2531566 (D. Neb. Sept. 3, 2025)

207. Genchi Palma v. Trump, No. 25-3176, 2025 WL 2624385 (D. Neb. Sept. 11, 2025)

208. Ozuna Carlon v. Karmer, No. 25-3178, 2025 WL 2624386 (D. Neb. Sept. 11, 2025)

209. Perez v. Kramer, No. 25-03179, 2025 WL 2624387 (D. Neb. Sept. 11, 2025)

210. Duenas Arce v. Trump, No. 25-520, Doc. No. 33 (D. Neb. Sept. 18, 2025)

211. Vargas Lopez v. Trump, No. 25-526, 2025 WL 2780351 (D. Neb. Sept. 30, 2025)

**NINTH CIRCUIT**

**District of Arizona**

212. Rosado v. Figueroa, No. 25-02157, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025)

213. Echevarria v. Bondi, No. 25-3252, 2025 WL 2821282 (D. Ariz. Oct. 3, 2025)

**Central District of California**

214. Bautista v. Santacruz, No. 25-01873, 2025 WL 2670875 (C.D. Cal. July 28, 2025)

215. Gonzalez v. Noem, No. 25-02054, 2025 WL 2633187 (C.D. Cal. Aug. 13, 2025)

216. Benitez v. Noem, No. 25-02190, Doc. No. 11 (C.D. Cal. Aug. 26, 2025)

217. Mosqueda v. Noem, No. 25-02394, 2025 WL 2591530 (C.D. Cal. Sept. 8, 2025)

218. Arrazola-Gonzalez v. Noem, No. 25-1789, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025)

219. Santiago Flores v. Noem, No. 25-02490, 2025 WL 3050062 (C.D. Cal. Sept. 29, 2025)

220. Lopez Pop, v. Noem, No. 25-02589, 2025 WL 3050095 (C.D. Cal. Oct. 3, 2025)

221. Garcia v. Noem, No. 25-02771, 2025 WL 2986672 (C.D. Cal. Oct. 22, 2025)

222. Ruiz Yarleque v. Noem, No. 25-02836, 2025 WL 3043936 (C.D. Cal. Oct. 31, 2025)

**Eastern District of California**

223. Guzman v. Andrews, No. 25-01015, 2025 WL 2617256 (E.D. Cal. Sept. 9, 2025)

224. Lepe v. Andrews, No. 25-01163, —— F. Supp. 3d ——, 2025 WL 2716910 (E.D. Cal. Sept. 23, 2025)

225. Ortiz Donis v. Chestnut, No. 25-01228, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025)

226. J.S.H.M v. Wofford, No. 25-01309, 2025 WL 2938808 (E.D. Cal. Oct. 16, 2025)

227. Sabi Polo v. Chestnut, No. 25-01342, 2025 WL 2959346 (E.D. Cal. Oct. 17, 2025)

228. C.A.R.V. v. Wofford, No. 25-01395, 2025 WL 3059549 (E.D. Cal. Nov. 3, 2025)

229. F.M.V. v. Wofford, No. 25-01381, 2025 WL 3083934 (E.D. Cal. Nov. 4, 2025)

230. Menjivar Sanchez v. Wofford, No. 25-1187, 2025 WL 3089712 (E.D. Cal. Nov. 5, 2025)

231. O.P.A.M. v. Wofford, No. 25-01423, 2025 WL 3120552 (E.D. Cal. Nov. 7, 2025)

232. M.V.I. v. Andrews, No. 25-01440, 2025 WL 3154403 (E.D. Cal. Nov. 12, 2025)

233. Estuardo Marin v. Andrews, No. 25-01422, 2025 WL 3171484 (E.D. Cal. Nov. 13, 2025)

234. Morillo v. Albarran, No. 25-01533, 2025 WL 3190899 (E.D. Cal. Nov. 15, 2025)

**Northern District of California**

235. Hernandez Nieves v. Kaiser, No. 25-6921, 2025 WL 2533110 (N.D. Cal. Sept. 3, 2025)

236. Hinestroza v. Kaiser, No. 25-07559, 2025 WL 2606983 (N.D. Cal. Sept. 9, 2025)

237. Salcedo Aceros v. Kaiser, No. 25-06924, 2025 WL 2637503 (N.D. Cal. Sept. 12, 2025)

238. Roa v. Albarran, No. 25-07802, 2025 WL 2732923 (N.D. Cal. Sept. 25, 2025)

239. Valencia Zapata v. Kaiser, No. 25-07492, —— F. Supp. 3d ——, 2025 WL 2741654 (N.D. Cal. Sept. 26, 2025)

240. Cordero Pelico v. Kaiser, No. 25-07286, 2025 WL 2822876 (N.D. Cal. Oct. 3, 2025)

241. Chavez v. Kaiser, No. 25-06984, 2025 WL 2909526 (N.D. Cal. Oct. 9, 2025)

242. Pablo Sequen v. Albarran, No. 25-06487, 2025 WL 2935630 (N.D. Cal. Oct. 15, 2025)

243. J.A.C.P. v. Wofford, No. 25-01354, 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025)

244. J.A.E.M. v. Wofford, No. 25-01380, 2025 WL 3013377 (E.D. Cal. Oct. 27, 2025)

245. Ramandi v. Off. Dir., ICE ERO San Francisco, No. 25-01462, 2025 WL 3182732 (E.D. Cal. Nov. 14, 2025)

**Southern District of California**

246. Vasquez Garcia v. Noem, No. 25-02180, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025)

247. Sixtos Chavez v. Noem, No. 25-2325, Doc. No. 8 (S.D. Cal. Sept. 24, 2025)

248. Esquivel-Ipina v. LaRose, No. 25-2672, 2025 WL 2998361 (S.D. Cal. Oct. 24, 2025)

249. Lopez v. Warden, Otay Mesa Det. Ctr., No. 25-2527, 2025 WL 3005346 (S.D. Cal. Oct. 27, 2025)

250. Martinez Lopez v. LaRose, No. 25-2717, 2025 WL 3030457 (S.D. Cal. Oct. 30, 2025)

251. Carmelo Beltran v. Noem, No. 25-2650, 2025 WL 3078837 (S.D. Cal. Nov. 4, 2025)

252. Garcia Magadan v. Noem, No 25-2889, 2025 WL 3090089 (S.D. Cal. Nov. 5, 2025)

253. Aquino v. LaRose, No. 25-2904, 2025 WL 3158676 (S.D. Cal. Nov. 12, 2025)

254. Pelico Calel v. LaRose, No. 25-02883, 2025 WL 3171898 (S.D. Cal. Nov. 13, 2025)

**District of Hawaii**

255. Rico-Tapia v. Smith, No. 25-00379, 2025 WL 2950089 (D. Haw. Oct. 10, 2025)

**District of Nevada**

256. Maldonado Vazquez v. Feeley, No. 25-01542, 2025 WL 2676082 (D. Nev. Sept. 17, 2025)

257. Sanchez Roman v. Noem, No. 25-01684, 2025 WL 2710211 (D. Nev. Sept. 23, 2025)

258. Carlos v. Noem, No. 25-01900, 2025 WL 2896156 (D. Nev. Oct. 10, 2025)

259. E.C. v. Noem, No. 25-01789, 2025 WL 2916264 (D. Nev. Oct. 14, 2025)

260. Aparicio v. Noem, No. 25-01919, 2025 WL 2998098 (D. Nev. Oct. 23, 2025)

261. Dominguez-Lara v. Noem, No. 25-01553, 2025 WL 2998094 (D. Nev. Oct. 24, 2025)

262. Bautista-Avalos v. Bernacke, No. 25-1987, 2025 WL 3014023 (D. Nev. Oct. 27, 2025)

263. Arce-Cervera v. Noem, No. 25-01895, 2025 WL 3017866 (D. Nev. Oct. 28, 2025)

264. Rodriguez Cabrera v. Mattos, No. 25-01551, 2025 WL 3072687 (D. Nev. Nov. 3, 2025)

265. Hernandez-Luna v. Noem, No. 25-01818, 2025 WL 3102039 (D. Nev. Nov. 6, 2025)

266. Mendez v. Noem, No. 25-02062, 2025 WL 3124285 (D. Nev. Nov. 7, 2025)

**District of Oregon**

267. L.A.E. v. Wamsley, No. 25-01975, 2025 WL 3037856 (D. Or. Oct. 30, 2025)

268. J.Y.L.C. v. Bostock, No. 25-02083, Doc. No. 15 (D. Or. Nov. 12, 2025)

**Western District of Washington**

269. Rodriguez v. Bostock, No. 25-05240, 2025 WL 2782499 (W.D. Wash. Sept. 30, 2025)

270. Torres v. Wamsley, No. 25-5772, 2025 WL 2855379 (W.D. Wash. Oct. 8, 2025)

271. Cantero Garcia v. Wamsley, No. 25-02092, 2025 WL 3123996 (W.D. Wash. Nov. 7, 2025)

272. Marcia Navarette v. Wamsley, No. 25-02150, 2025 WL 3134712 (W.D. Wash. Nov. 10, 2025)

**TENTH CIRCUIT**

**District of Colorado**

273. Garcia Cortes v. Noem, No. 25-02677, 2025 WL 2652880 (D. Colo. Sept. 16, 2025)

274. Mendoza Gutierrez, v. Baltazar, No. 25-2720, 2025 WL 2962908 (D. Colo. Oct. 17, 2025)

275. Loa Caballero v. Baltazar, No. 25-03120, 2025 WL 2977650 (D. Colo. Oct. 22, 2025)

276. Nava Hernandez v. Baltazar, No. 25-03094, 2025 WL 2996643 (D. Colo. Oct. 24, 2025)

**District of New Mexico**

277. Velasquez Salazar v. Dedos, No. 25-00835, —— F. Supp. 3d ——, 2025 WL 2676729, (D.N.M. Sept. 17, 2025)

278. Garcia Domingo v. Castro, No. 25-00979, —— F. Supp. 3d ——, 2025 WL 2941217 (D.N.M. Oct. 15, 2025)

279. Pu Sacvin v. de Anda-Ybarra, No. 25-01031, 2025 WL 3187432 (D.N.M. Nov. 14, 2025)

**ELEVENTH CIRCUIT**

**Middle District of Florida**

280. Garcia v. Noem, No. 25-00879, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025)

281. Hernandez Lopez v. Hardin, No. 25-00830, 2025 WL 3022245 (M.D. Fla. Oct. 29, 2025)

13

282. <u>Vasquez Carcamo v. Noem</u>, No. 25-00922, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025)

283. <u>Erazo v. Hardin</u>, No. 25-00891, 2025 WL 3187136 (M.D. Fla. Nov. 14, 2025)

**Southern District of Florida**

284. <u>Merino v. Ripa</u>, No. 25-23845, 2025 WL 2941609 (S.D. Fla. Oct. 15, 2025)

285. <u>Puga v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr.</u>, No. 25-24535, 2025 WL 2938369 (S.D. Fla. Oct. 15, 2025)

**Middle District of Georgia**

286. <u>J.A.M. v. Streeval</u>, No. 25-342, 2025 WL 3050094 (M.D. Ga. Nov. 1, 2025)

**Southern District of Georgia**

287. <u>Aguirre Villa v. Warden Normand</u>, No. 25-89, 2025 WL 3095969 (S.D. Ga. Nov. 4, 2025)

288. <u>Villa v. Warden Normand</u>, No. 25-100, 2025 WL 3188406 (S.D. Ga. Nov. 14, 2025)

14