

**To All ICE Employees**
**July 8, 2025**

## Interim Guidance Regarding Detention Authority for Applicants for Admission

As you are all well aware, the U.S. Department of Homeland Security's (Department or DHS) detention authority under the immigration laws is extraordinarily broad and equally complex. The Department's authority to detain, and its authority or lack of authority to release, an alien from immigration detention varies based upon the circumstances of the case. This message serves as notice that DHS, in coordination with the Department of Justice (DOJ), has revisited its legal position on detention and release authorities. DHS has determined that section 235 of the Immigration and Nationality Act (INA), rather than section 236, is the applicable immigration detention authority for all applicants for admission. The following interim guidance is intended to ensure immediate and consistent application of the Department's legal interpretation while additional operational guidance is developed.

### Custody Determinations

An "applicant for admission" is an alien present in the United States who has not been admitted or who arrives in the United States, whether or not at a designated port of arrival. INA § 235(a)(1). **Effective immediately, it is the position of DHS that such aliens are subject to detention under INA § 235(b) and may not be released from ICE custody except by INA § 212(d)(5) parole.** These aliens are also ineligible for a custody redetermination hearing ("bond hearing") before an immigration judge and may not be released for the duration of their removal proceedings absent a parole by DHS. For custody purposes, these aliens are now treated in the same manner that "arriving aliens" have historically been treated. **The only aliens eligible for a custody determination and release on recognizance, bond, or other conditions under INA § 236(a) during removal proceedings are aliens admitted to the United States and chargeable with deportability under INA § 237, with the exception of those subject to mandatory detention under INA § 236(c).**

Moving forward, ICE will not issue Form I-286, *Notice of Custody Determination*, to applicants for admission because Form I-286 applies by its terms only to custody determinations under INA § 236 and part 236 of Title 8 of the Code of Federal Regulations. With a limited exception for certain habeas petitioners, on which the Office of the Principal Legal Advisor (OPLA) will individually advise, if Enforcement and Removal Operations (ERO) previously conducted a custody determination for an applicant for admission still detained in ICE custody, ERO will affirmatively cancel the Form I-286.

Because the position that detention is pursuant to INA § 235(b) is likely to be litigated, however, OPLA will need to make alternative arguments in support of continued detention before the Executive Office for Immigration Review. Accordingly, ERO and Homeland Security Investigations (HSI) should continue to develop and obtain evidence, including conviction records, to support OPLA's arguments of dangerousness and flight risk in those bond proceedings.

## Re-detention

This interpretation does not impose an affirmative requirement on ICE to immediately identify and arrest all aliens who may be subject to INA § 235 detention. Rather, the custody provisions at INA § 235(b)(1)(B)(ii), (iii)(IV), and (b)(2)(A) are best understood as prohibitions on release once an alien enters ICE custody upon initial arrest or re-detention.

This change in legal interpretation may, however, warrant re-detention of a previously released alien in a given case. Until additional guidance is issued, ERO and HSI should consult with OPLA prior to rearresting an alien on this basis.

## Parole Requests by Previously Released Aliens

It is expected that ICE will see an increase in applicants for admission previously released under INA § 236(a) requesting documentation of parole pursuant to INA § 212(d)(5) in order to establish eligibility for certain immigration benefits, including employment authorization and adjustment of status. DHS does not take the position that prior releases of applicants for admission pursuant to INA § 236(a) were releases on parole under INA § 212(d)(5) based on this change in legal position. Accordingly, ERO and HSI are not required to "correct" the release paperwork by issuing INA § 212(d)(5) parole paperwork.